DES MOINES & M. R. Co. *v.* ALLEY and others.

(*Circuit Court, D. Iowa.* February, 1882.)

1. PLEADING IN EQUITY—FRAUDULENT CONVEYANCE — OFFER TO RETURN CONSIDERATION.

While a bill in equity to set aside a deed alleged to have been procured by fraud, that avers that no consideration was paid, will be sufficient, an averment or admission that a consideration was paid, will render an averment of an offer to return such consideration necessary.

2. SAME—DISCOVERY.

The bill in such a case should aver either (1) that the conveyance was wholly without consideration; or (2) that it was fraudulent, and there was a consideration, which the complainant has offered to return; or (3) that complainant is not informed, and has no means of ascertaining, whether there was a consideration, or what the value thereof was, if any,—and that these facts are peculiarly within the knowledge of defendant; and when the case is placed upon the latter ground, the bill should pray a discovery of the facts, and should offer to return any consideration actually paid by defendants as soon as it is ascertained and determined by the court.

Demurrer to Amended Bill.

McCRARY, J. This is a suit brought to set aside a deed executed by the complainant to the respondent John B. Alley on the twenty-third of May, 1879, conveying 2,362 acres of land. The amended bill charges that at the time of said conveyance the respondent John B. Alley was the owner of the majority of the stock of the corporation, and by reason of that ownership exercised a controlling influence over the officers and directors of the complainant corporation, whereby he induced the board of directors and the president of the corporation to consent to the said conveyance, and to execute a deed good and sufficient in form. It is further alleged that the said respondent John B. Alley fraudulently procured and caused said conveyance to be executed. With respect to the consideration paid by the said Alley for said conveyance there are two allegations in the amended bill, as follows: It is first alleged "that, in truth and in fact, the said defendant did not pay anything whatever for said lands; that the books of said company were then under his charge and control; and that he caused to be charged to himself on account of said lands and said conveyance the sum of $4,600, and over against said charge on said book he caused to be credited certain fraudulent entries."

If the allegation stopped here it would amount to a charge that the conveyance was without any consideration whatever, and would be

entirely sufficient. But the bill further avers as follows: "That if, in truth and fact, it shall be made to appear that any portion or all of said $4,600 was in any manner paid by the said Alley, by just and proper credits, then the said sum or price of said lands was and is grossly inadequate to its true value, and the said defendant, by reason of his relationship to the said company plaintiff, and such inadequacy of price, is bound to surrender said lands to the plaintiff; that said lands were then worth, as plaintiff is informed and believes, $10,000, and more, and have been since then steadily increasing in value; and defendant well knew that said lands were worth much more than the sum of $4,600, and that they would greatly increase in value from that time forward."

It is necessary that the several allegations of the amended bill should be harmonious and consistent with each other. The amended bill would be sufficient if it distinctly alleged either of three things, to-wit:

1. That the conveyance was wholly without consideration; or,

2. That it was fraudulent, and there was a consideration, which the complainant has offered to return to the respondent John B. Alley; or,

3. That complainant is not informed, and has no means of ascertaining, whether there was a consideration, or what the value of the consideration was, if there was any, and that these facts are peculiarly within the knowledge of the defendant John B. Alley.

If the case is placed upon the latter ground, then the amended bill should pray a discovery of the facts, and should offer to return any consideration actually paid to the respondent John B. Alley as soon as the same is ascertained and determined by the court. It will be seen that it is necessary to amend the bill in order to conform to these suggestions. The allegation concerning the value of the land should also be made specific. It is not sufficient to state that the complainant believes the land to be worth $10,000. In these respects, and to this extent, the demurrer is sustained, and the complainant has leave to amend by the February rules, and will serve a copy of his amendment upon the counsel for respondent.